#11/15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-03641 HDV JPRx                              Date   July 21, 2025

Title   *Armen Mardusian v. Mercedes-Benz USA, LLC, et al.*

Present: The Honorable   Hernán D. Vera, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present                                                   None Present

**Proceedings:**   (IN CHAMBERS) **ORDER DENYING MOTION TO REMAND [11]**

Before the Court is Plaintiff Armen Mardusian's Motion to Remand ("Motion"). [Dkt. No. 11]. As discussed below, the Court finds that the requirements for diversity jurisdiction are met and subject matter jurisdiction is proper in this Court. The Motion is denied.

**I.   BACKGROUND**

On or about November 3, 2022, Plaintiff purchased a 2022 Mercedes Benz E350W (the "Vehicle"), which is manufactured by Defendant Mercedes-Benz USA, LLC. Complaint ¶¶ 4, 7 [Dkt. No. 1-1]. Plaintiff alleges the sale was accompanied by Defendant's express and implied warranties. *Id.* ¶¶ 8–9. Plaintiff also contends that, within the applicable express warranty period, the Vehicle suffered from various warranty nonconformities, including, but not limited to, defects with the fuel gauge, fuel tank, infotainment screen, and radio. *Id.* ¶¶ 10–12. Plaintiff avers that Defendant has refused to repurchase the Vehicle and make restitution. *Id.* ¶ 13–15.

On March 21, 2025, Plaintiff initiated this action in the Superior Court of the State of California, Los Angeles County, asserting claims for a refund of the

purchase price of the Vehicle pursuant to the California Song-Beverly Consumer Warranty Act. Defendant Mercedes-Benz USA, LLC filed a Notice of Removal on April 24, 2025. [Dkt. No. 1].

Plaintiff filed the instant Motion on May 23, 2025, arguing that Defendant fails to establish federal subject matter jurisdiction. Defendant opposed the Motion, accompanying its opposition with a request for judicial notice, [Dkt. Nos. 14–15], and Plaintiff filed a Reply, [Dkt. No. 17]. On July 17, 2025, the Court heard oral argument and took the matter under submission. [Dkt. No. 20].

## II.  LEGAL STANDARD

A defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441. The party seeking removal bears the burden of establishing federal jurisdiction. *See Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The removal statute is strictly construed and there is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

If the court lacks subject matter jurisdiction or there exists any defect in the removal procedure, a federal court may remand the case to state court. *See* 28 U.S.C. § 1447(c).

## III.  DISCUSSION

Defendant contends the Court has diversity jurisdiction over this case. Notice of Removal ¶ 4. Such jurisdiction exists when there is complete diversity of parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

### A. Complete Diversity of Parties

A defendant may remove an action to federal court based on diversity jurisdiction if "the citizenship of each plaintiff is diverse from the citizenship of each defendant," and "no defendant 'is a citizen of the State in which such action is brought.'" *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (quoting 28 U.S.C. § 1441(b)). An individual is a citizen of the state where they are domiciled, which is the place where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

A limited liability company is a citizen of "every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of the states in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c). A corporation's "principal place of business" is the place where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). "[I]n practice it should normally be the place where the corporation maintains its headquarters." *Id.* at 93.

Defendant alleges that Plaintiff is a citizen of California. Notice of Removal ¶ 5. In support of its allegation, Defendant's counsel declares that Plaintiff resides in Burbank, California; that Plaintiff always brought the Vehicle to a location in Glendale, California for service and repairs; that all of the repair orders listed Plaintiff's address as in Burbank, California; and that a credit application stated that, around the time of the purchase of the Vehicle, Plaintiff had been living at his Burbank, California address for 11 years. Declaration of Adam Knighton ¶¶ 6–8 [Dkt. No. 14-1]. Although Plaintiff's Complaint does not allege his citizenship, he does not deny that he is a citizen of California, nor does he provide evidence supporting a finding of citizenship elsewhere.

As to Defendant's citizenship, Defendant is a limited liability company. Complaint ¶ 1. It has only one member: Mercedes-Benz North America Corporation ("MBNAC"). Notice of Removal ¶ 7. MBNAC is incorporated in Delaware and has its principal place of business in Michigan. *Id.* Plaintiff does not challenge these assertions. MBNAC—and Defendant—are therefore citizens of both Delaware and Michigan, and not of California.

Based on this record, Defendant has sufficiently established complete diversity of the parties.

### B. Amount in Controversy

Diversity jurisdiction also requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "Where . . . it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of*

*Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citation omitted). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the] defendant's liability." *Lewis v. Verizon Commc'ns. Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Accordingly, "in assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citation omitted). The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Where the plaintiff challenges the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 82.

In this case, Plaintiff seeks relief under the Song-Beverly Act. Under the Act, a plaintiff may recover damages, civil penalties, and costs and expenses, including attorney's fees. Cal. Civ. Code § 1794. Here, the purchase price of the Vehicle was $70,080.24. [Dkt. 1-2 at 1]. Plaintiff concedes that this amount is in controversy, but correctly observes that it falls short of the $75,000 required for diversity jurisdiction. Reply at 5.

But Plaintiff also seeks civil penalties under the Song-Beverly Act, Complaint ¶ 20B, which can be up to "two times the amount of actual damages," Cal. Civ. Code § 1794(c). Plaintiff's potential recovery in civil penalties is double the purchase price, or $140,160.48. This sum should be considered as part of the amount in controversy, which "reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927. And, contrary to Plaintiff's suggestion, Reply at 2–4, Defendant is not required to admit or prove its own liability to demonstrate the amount in controversy. *See Lewis*, 627 F.3d at 400.[1]

---

[1] Plaintiff maintains that the civil penalties are speculative and should not be considered for purposes of analyzing the amount in controversy. The Court disagrees. While far from a certainty, civil penalties are a principal component of the relief sought in Song-Beverly actions, and they are undoubtedly part of what is at stake in the litigation.

  Adding the potential civil penalties to the measure of actual damages yields $210,240.72, which easily exceeds the jurisdictional threshold.[2] The requirements for diversity jurisdiction are therefore met, and the Motion is denied.[3]

  **IT IS SO ORDERED.**

---

[2] It is therefore not necessary to address Plaintiff's arguments regarding whether attorney's fees may properly be considered when determining the amount in controversy in Song-Beverly actions. *See* Reply at 5.

[3] Defendant's request for judicial notice [Dkt. No. 15] is denied as moot.